IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERREMY RASCHAAD RAY | § | |
| v. | § | CIVIL ACTION NO. 6:21cv504 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Jerremy Ray, proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Ray pleaded guilty to the offense of burglary of a habitation on November 22, 2013, receiving a sentence of 10 years in prison. He did not take a direct appeal, but filed a habeas corpus petition in the state district court on July 6, 2021. This petition was denied without written order by the Texas Court of Criminal Appeals on November 17, 2021.

In his petition, Ray argued that the indictment did not set out a culpable mental state, omitted the value of the property allegedly taken, and contained inconsistent allegations which could not both be true. He asserted that he received ineffective assistance of counsel and that the court lacked subject matter jurisdiction.

On March 17, 2022, the Court ordered Ray to show cause why his petition should not be dismissed as barred by the statute of limitations. Ray sought an extension of time to respond, and he was granted an extension to May 9, 2022. However, no response has been received.

1

**II. Legal Standards and Analysis**

   A. The Law on Limitations

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)**    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   **(A)**    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**    the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

   B. Application of the Law to the Facts

Ray did not file a direct appeal, meaning his conviction became final when his time to do so elapsed, on December 22, 2013. Tex. R. App. P. 26.2; *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010). His limitations period began to run at that time and expired on Monday, December 22, 2014, absent the operation of other factors.

In this regard, Ray does not point to any state-created impediments which allegedly prevented him from seeking habeas corpus relief in a timely manner. Nor does he show that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

While Ray did file a state habeas corpus petition, he did not do so until July 6, 2021, well after the limitations period had expired. The Fifth Circuit has held that a state habeas corpus application filed after the limitations period has expired does not revive any part of this period.

*Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000) (state habeas petition does not re-start the one-year clock).

### C. Equitable Tolling and Actual Innocence

Nor can Ray evade the statute of limitations through equitable tolling or actual innocence. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling of the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000); *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

The Supreme Court has stated that equitable tolling applies in federal habeas corpus challenges to state convictions, but that a petitioner may be entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the

3

Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. *Holland*, 560 U.S. at 649; *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

The record in this case shows that Ray's conviction became final in December of 2013 and he waited some seven and a half years in which to file his first challenge to this conviction through a state habeas corpus petition. This extraordinary lapse of time plainly shows a lack of reasonable diligence. *See Diggs v. Vannoy*, 840 F.App'x 779, 2021 U.S. App. LEXIS 644, 2021 WL 96047 (5th Cir., January 11, 2021), *citing Stroman v. Thaler*, 603 F.3d 299, 203-03 (5th Cir. 2010).

The standard habeas corpus form which Ray completed contains a question asking why the petition should not be barred by limitations if the conviction became final over a year earlier. Ray wrote in response that "I must first exhaust my state remedies and afford the state the opportunity to correct its error before filing in the federal courts. My exercise of due diligence." (Docket no. 1, p. 9). While he is correct that he had to exhaust his state remedies before filing in federal court, the passage of time between his conviction becoming final and the filing of his state habeas petition renders his federal petition barred by limitations.

While a "persuasive showing" of actual innocence can serve as a gateway through which a petitioner may pass to evade the statute of limitations, *see McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Thus, the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Ray does not allege that he is actually innocent of the offense, much less show that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Furthermore, this Court and others have held that for purposes of the statute of limitations, a guilty plea forecloses any claim of actual innocence. *See King v. Director, TDCJ*, civil action no. 6:18cv68, 2018 U.S. Dist. LEXIS 223315, 2018 WL 7824535 (E.D.Tex., December 19, 2018), *Report adopted at* 2019 U.S. Dist. LEXIS 48900, 2019 WL 1325744 (E.D.Tex., March 25, 2019); *Warren v. Dir., TDCJ-CID*, civil action no. 6:17cv693, 2018 U.S. Dist. LEXIS 123547, 2018 WL 3543852 (E.D. Tex., Apr. 17, 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 122300, 2018 WL 3533554 (E.D. Tex., July 23, 2018); *Mayo v. Quarterman*, civil action no. 3:05cv505, 2006 U.S. Dist. LEXIS 102935, 2006 WL 3755221 (N.D. Tex., Dec. 21, 2006), *citing Hopkins v. Cockrell*, civil action no. 3:02cv2128, 2003 U.S. Dist. LEXIS 7005, 2003 WL 21488222 (N.D. Tex., April 24, 2003). Thus, Ray cannot avail himself of the actual innocence exception to the statute of limitations.

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Ray's petition is barred by the statute of limitations. As a result, Ray is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. §2244(d). It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 24th day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE